# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WARREN EARNEST BROWN, | ) | 1:12-cv-159 AWI GSA |
| | ) | |
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL WITHOUT PREJUDICE |
| v. | ) ) | |
| | ) | (Doc. 2) |
| WASHINGTON MUTUAL, | ) | |
| Defendants. | ) | |

## INTRODUCTION

Plaintiff, Warren Earnest Brown, ("Plaintiff"), appearing pro se, filed the instant complaint on February 3, 2012. (Doc. 1). Plaintiff has also filed a Motion to Proceed In Forma Pauperis. (Doc. 2). Plaintiff has named Washington Mutual Bank, specifically, Branch 1582, located in Los Angeles, California as the sole defendant. The Court has screened the complaint and recommends that the complaint be dismissed without prejudice.

## DISCUSSION

A.    Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof

1

if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.    Plaintiff's Allegations

Plaintiff's handwriting in the complaint and Motion to Proceed In Forma Pauperis are unintelligible. Generally, the Court is lenient and overlooks technical errors when reviewing pro se pleadings. However, in this case, the Court is unable to screen the complaint because the pleading is illegible and incoherent. Notwithstanding the above, it appears that Plaintiff is

1  attempting to sue a branch of Washington Mutual Bank that is located in Los Angeles,
2  California.  Under these circumstances, venue is not proper in this Court as the sole defendant is
3  located in Los Angeles, California. 18 U.S.C. § 1391(a); See, Costlow v. Weeks, 790 F.2d 1486,
4  1488 (9th Cir. 1986) (court may raise defective venue sua sponte).
5       In addition, in order to state a claim in a United States District Court, Plaintiff must
6  establish federal jurisdiction.  Federal courts can adjudicate only those cases in which the United
7  States Constitution and Congress authorize them to adjudicate which are essentially those cases
8  involving diversity of citizenship (in which the matter in controversy exceeds the sum or value of
9  $75,000 and is between citizens of different states), or a federal question, or to which the United
10 States is a party.  28 U.S.C. §§ 1331 and 1332; See also, Kokkonen v. Guardian Life Ins. Co.,
11 511 U.S. 375 (1994); Finley v. United States, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989).  Here,
12 Plaintiff has failed to establish that federal jurisdiction exists as the United States is not a party in
13 this action and no federal question is presented.  Similarly, the complaint does not allege that the
14 parties are citizens of different states or that the matter in controversy is more than $75,000.00.
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**RECOMMENDATIONS**

For the reasons set forth above, the Court RECOMMENDS that:

1.   Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE; and

2.   Plaintiff's Motion to Proceed In Forma Pauperis be DENIED as MOOT.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 22, 2012**                    /s/ **Gary S. Austin**
                                                                 UNITED STATES MAGISTRATE JUDGE

4